IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODY SPRINGS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PRIME CARE MEDICAL, INC., | : | |
| WEXFORD HEALTH SOURCES, INC., | : | |
| and | : | |
| CORRECT CARE SOLUTIONS, LLC | : | NO. 15-2684 |

MEMORANDUM

Dalzell, J.                                                                                       September 17, 2015

## I. Introduction

We consider here defendant Prime Care Medical, Inc.'s motion to dismiss Count I of plaintiff Cody Springs's amended complaint. Springs brings claims pursuant to 42 U.S.C. § 1983 against Prime Care Medical, Inc. ("Prime Care"), as well as Wexford Health Sources, Inc. ("Wexford Health") and Correct Care Solutions, LLC ("Correct Care"). We have jurisdiction under 28 U.S.C. § 1331.

## II. Standard of Review

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as pled in the amended complaint.

## III.     Factual Background

Plaintiff Cody Springs has epilepsy. Am. Compl. at ¶ 11. When he was eighteen, Springs began taking Depakote, keeping him seizure-free for the next six years. Id. at ¶ 14. Beginning in 2013, Springs was incarcerated at the Monroe County Correctional Facility ("MCCF"). Id. at ¶ 12. His medical intake revealed his epilepsy diagnosis. Id. at ¶¶ 12-13. When Springs was admitted, he was still taking Depakote. Id. at ¶ 14.

Prime Care, the exclusive provider of medical treatment to inmates at MCCF, changed Springs's seizure medication from Depakote to Neurontin Oral. Id. at ¶¶ 6, 15. Springs began having frequent, almost weekly seizures. Id. at ¶¶ 16, 18. Prime Care continued to give Springs Neurontin Oral despite the clear signs that it was not successfully treating his epilepsy. Id. at ¶ 17. His repeated requests to be placed back on Depakote were ignored, and Prime Care continued to give him Neurontin Oral. Id. at ¶¶ 19-20.

In February of 2014, Springs was transferred to the State Correctional Institution at Graterford ("SCI Graterford"). Id. at ¶ 21. In July of 2014, Springs was transferred to the State Correctional Institution at Chester ("SCI Chester"), where he remains currently incarcerated. Id. at ¶¶ 4, 45. The remaining factual allegations from the amended complaint do not pertain to Prime Care, and so we will not address them here.

## IV.   Discussion

In Count I, Springs brings a Section 1983 claim against Prime Care for violating his Eighth and Fourteenth Amendment rights, and against Wexford Health for violating his Eighth Amendment rights. Id. at ¶ 62. In Count II, Springs brings a Section 1983 claim against Correct Care for violating his Eighth Amendment rights. Id. at ¶ 68.[1] Prime Care moves to dismiss Count I of the amended complaint, arguing that Springs cannot demonstrate "deliberate indifference to a serious medical condition" and that Prime Care "cannot be vicariously liable for the alleged unconstitutional acts of its employees." Prime Care Mot. at ¶¶ 26-27.

---

[1] Springs initially brought Eighth and Fourteenth Amendment claims against all three defendants. But he stipulated to the dismissal of his Fourteenth Amendment claims against Wexford Health and Correct Care. See September 8, 2015 Stipulation. Springs also stipulated to the dismissal of Count III -- his claim against Superintendent Michael Wenerowicz. See August 3, 2015 Stipulation and Order.

A cause of action under Section 1983 requires only two allegations: someone has deprived a plaintiff of a federal right, and that person acted under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 146 (3d Cir. 2005).

The Eighth Amendment's prohibition against cruel and unusual punishment obliges prison officials to provide humane conditions of confinement, and this duty includes providing adequate medical care. Farmer v. Brennan, 511 U.S. 825, 833 (1994).[2] Mere negligence in the diagnosis or treatment of an inmate's medical condition does not constitute a valid claim for mistreatment under the Eighth Amendment because only the unnecessary and wanton infliction of pain, or deliberate indifference to serious medical needs, rises to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004). Allegations of medical malpractice -- absent a culpable state of mind -- and mere disagreements about proper medical treatment will not establish a constitutional violation. Spruill, 372 F.3d at 235. To support a claim under the Eighth Amendment for inadequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.

A medical need is "serious" if it is either diagnosed by a physician as requiring treatment, or is so obvious that a lay person would easily recognize the need for medical attention. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The seriousness of a medical need may also be determined by the effect of denying the particular treatment. Id.

---

[2] In the case of pretrial detainees, we analyze claims under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

A prisoner can demonstrate deliberate indifference by showing that: a doctor intentionally inflicted pain; prison authorities denied reasonable requests for medical treatment, exposing the inmate to undue suffering or the threat of tangible, residual injury; or, despite prison authorities' knowledge of the inmate's need for medical care, the authorities in question refused to provide that care. Spruill, 372 F.3d at 235. A prisoner may also demonstrate deliberate indifference by showing intentional interference with prescribed treatment. White v. Napoleon, 897 F.2d 103, 109-10 (3d Cir. 1990) (citing Martinez v. Mancusi, 443 F.2d 921 (2d Cir. 1970)). Deliberate indifference may also be demonstrated by showing (a) the delay of necessary medical treatment for non-medical reasons, (b) the erection of arbitrary and burdensome procedures resulted in interminable delays and outright denials of medical care to suffering inmates, (c) the provision of needed medical services was conditioned on an inmate's ability or willingness to pay, (d) an inmate was prevented from receiving recommended treatment for a serious medical need or denied access to a physician capable of evaluating the need for such treatment, or (e) the decision to provide easier and less efficacious treatment for an inmate's condition was made with deliberate indifference to an inmate's serious medical needs. Lanzaro, 834 F.2d at 346-47.

The provision of some medical treatment does not absolve prison authorities from liability because providing inadequate medical care in the form of less effective treatment -- under circumstances indicating deliberate indifference -- violates the Eighth Amendment. West v. Keve, 571 F.2d 158, 162 (3d Cir. 1978). This is true even though prison medical authorities are given latitude in the diagnosis and treatment of inmates' medical problems. Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Where the medical care provided is either inadequate or inappropriate, intent becomes relevant since an error in medical

5

judgment is medical malpractice and non-actionable, but deliberate indifference or motivation by non-medical factors is actionable. Durmer v. O'Carroll, 991 F.2d 64, 68-69 (3d Cir. 1993).

Springs's complaint states a facially plausible claim under the Eighth Amendment. Springs alleges that he was incarcerated at MCCF from 2013 until February of 2014. From the moment of his medical intake at MCCF, Springs alleges that Prime Care, as the exclusive provider of medical services to inmates, knew he had epilepsy, a serious medical condition. Springs alleges that Prime Care changed his medication from Depakote to Neurontin Oral. While that medical decision alone might be insufficient to ground an Eighth Amendment claim, Springs alleges that when he told Prime Care that Neurontin Oral was not working, it did nothing. Despite the knowledge that Springs's epilepsy was not being controlled by the new medication, as evidenced by his almost weekly seizures, Prime Care refused to change the medication, either back to Depakote or to something that might actually work to control his epilepsy. This refusal subjected Springs to undue suffering and the risk of injury from his seizures.

This failure to act in the face of Springs's reports that after many years of being seizure-free on Depakote, he was suffering from weekly seizures while on Neurontin Oral, suffices to demonstrate deliberate indifference in this procedural posture. Springs's allegations demonstrate more than a mere difference of opinion or of medical judgment, but rather the provision of a less efficacious -- and, arguably, totally ineffective -- treatment for a serious medical need under conditions suggestive of deliberate indifference.[3]

---

[3] Our Court of Appeals has distinguished mere disagreements over medical judgment -- which do not state Eighth Amendment claims -- from "deliberate indifference to, and defiance of, explicit medical instructions, resulting in serious and obvious injuries," which may have such consequences. White, 897 F.2d at 109-10. In White, our Court of Appeals held, while reviewing a motion to dismiss, that a prisoner's allegations that a doctor persisted in using an ineffective epilepsy medication, even after the prisoner reported more frequent and severe seizures, sufficed to permit a jury to conclude that the doctor was deliberately indifferent. Id. at 110.

But Prime Care also alleges that it "cannot be vicariously liable for the alleged unconstitutional acts of its employees." Prime Care Mem. at 10. Just as a municipality cannot be subject to liability under Section 1983 under a theory of respondeat superior, so, too, must complaints brought under Section 1983 that are against private corporations contracting with the state to provide services show that there was a relevant policy or custom that created the alleged constitutional violation. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). An employee's actions may be considered the result of a policy or custom if: (1) the act complained of is the implementation of a policy promulgated by the appropriate officer or entity, (2) no rule has been announced as policy, but federal law has been violated by an act of the policymaker itself, or (3) a policymaker has failed to act affirmatively at all although the need to take some action is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent. Id. at 584 (citing City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

While Springs pleads a facially plausible claim that his Eighth Amendment rights have been violated, he has named only the corporate entity, Prime Care, and not any individual Prime Care employee, as a defendant. Nor has Springs made any factual averments regarding a Prime Care policy, custom, or practice that precipitated either the Prime Care employees' actions or caused his alleged injury. We will therefore dismiss Count I of the amended complaint against Prime Care, but without prejudice to the filing of a second amended complaint that remedies these defects.

## V. Conclusion

Springs's amended complaint contains sufficient factual matter, accepted as true, to state a facially plausible violation of the Eighth Amendment. But since Springs's amended complaint does not name an individual Prime Care employee or include factual allegations regarding a Prime Care custom, policy, or practice, we will dismiss Count I of the amended complaint as to Prime Care. We will nevertheless grant Springs leave to file a second amended complaint.  An appropriate Order follows.

BY THE COURT:

  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.